## ABDALLAH ABRAHAM *vs.* WILLIAM NICHOLAS.

### MARCH 7, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1) *Principal and Surety. Contracts. Guaranty.*

Where B. had requested C. to extend a credit of $1,000 to be paid at the rate of $100 a month for ten months and D. had guaranteed the payment of all sums that *might become due* up to the principal amount, and C. had delivered goods to B. to the amount of $839 and three months and nine days after the execution of the agreement of guaranty B. having made no payments C. brought suit against D. for the amount of goods sold B.;—

*Held,* that D. was only liable for such sums as had become due under the terms of the agreement providing for monthly payments of $100.

COVENANT. Heard on exceptions of defendant and sustained.

RATHBUN, J. This is an action of covenant based on the following agreement:

"Agreement made this (20) twentieth day of September, 1920, by and between A. Abraham of Boston, County of Suffolk, and Commonwealth of Massachusetts, and William M. Nicholas of Pawtucket, in the State of Rhode Island. Whereas one Abraham David has requested said A. Abraham to extend a credit of One thousand dollars ($1000) to be

paid at the rate of One hundred ($100) dollars per month for ten (10) months, until payment is complete, it is agreed by the said Nicholas that if said credit is so extended, he, the said Nicholas, will become personally liable for any and all amounts that may become due up to One thousand ($1000) dollars, it being understood between the parties hereto that said liability shall at no time exceed One thousand ($1000) dollars. This agreement is to extend for one year from the (20) twentieth day of September, 1920. Witness our hands and seals this          day of September, 1920.  A. Abraham   W M Nicholas."

Three months and nine days after the execution of said agreement this action was brought against the surety to recover $839.30, the purchase price of goods sold by the plaintiff, after the execution of said agreement, to said Davids, the principal, on terms of credit as set forth in said agreement which provides that the payments shall be made at the rate of one hundred dollars "per month for ten (10) months until payment is complete." Davids made no payments on this account. As he breached his oral agreement to make the monthly payments of one hundred dollars each, the plaintiff contends that he is entitled to rescind the contract and sue at once for the full value of the goods but it should be borne in mind that this is not an action against a principal on an implied promise to pay within a reasonable time for goods which were delivered to him under a contract which he has broken. It is an action against the surety for breach of said written agreement.

At the conclusion of the testimony the defendant, contending that, by the terms of said written agreement, only three installments were due at the time this action was commenced, moved that a verdict be directed against him for three hundred dollars. The court denied the motion and directed a verdict for the plaintiff for the entire purchase price of said goods plus interest. The case is before us on the defendant's exception to each of these rulings.

The clause relied upon by both parties is as follows: "it is agreed by the said Nicholas that if said credit is so extended, he, the said Nicholas, will become personally liable for any and all amounts that may become due up to One thousand ($1000) dollars." Shall "become due," how? We think the natural and reasonable meaning of the language "shall become due" is as follows: shall become due in accordance with the terms of this agreement. By the terms of the written agreement the installments became due at the rate of one hundred dollars per month. When the suit was commenced only three installments were due.

Each of the defendant's said exceptions is sustained.

The plaintiff may, if he shall see fit, appear before this court on the twelfth day of March, 1923, and show cause, if any he has, why the case should not be remitted to the Superior Court with direction to enter judgment for the plaintiff for three hundred dollars.

*William A. Gunning*, for plaintiff.

*Frank H. Bellin*, for defendant.